UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DORILTON CAPITAL MANAGEMENT LLC and WILLIAMS IP HOLDINGS LLC,<br><br>                              Plaintiffs,<br><br>-against-<br><br>STILUS LLC and CLAUDIA SCHWARZ,<br><br>                              Defendants. | 1:23-cv-03789 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs filed their Complaint on May 4, 2023. ECF No. 1. The Complaint alleges subject matter based on diversity of citizenship. *Id.* ¶ 12. It alleges that Plaintiff Dorilton Capital Management LLC "is a limited liability company organized under the laws of Delaware and headquartered in New York, New York," *id.* ¶ 8, and Plaintiff Williams IP Holdings LLC "is a limited liability company organized in the Republic of the Marshall Islands with a business address in Hamilton, Bermuda," *id.* ¶ 9. The Complaint further alleges that Defendant Stilus LLC "is a limited liability company organized under the laws of Delaware with a business address in Aventura, Florida," *id.* ¶ 10, and Defendant Claudia Schwarz "is a German citizen who founded and controls several companies including Stilus, and maintains residences in Florida, Bermuda, and Germany," *id.* ¶ 11. Plaintiffs have not filed a disclosure statement pursuant to Federal Rules of Civil Procedure ("Rule") 7.1.

For diversity purposes, a limited liability company is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). That means that, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every

individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). Rule 7.1 requires that a party file a disclosure statement "with its first" appearance or pleading. Plaintiffs have not satisfied these requirements here.

Accordingly, Plaintiffs shall, by **May 15, 2023**, file a completed Rule 7.1 Disclosure Statement, available here: https://www.nysd.uscourts.gov/forms/rule-71-statement.

It is further ORDERED that Plaintiffs shall, no later than **May 15, 2023**, file a letter, supported by one or more sworn affidavits, that provides the necessary prerequisites for the Court to exercise subject-matter jurisdiction in this case, including by alleging the identity and citizenship of members of each limited liability company. If Plaintiffs are unable to allege a good-faith basis for complete diversity of citizenship, the action will be dismissed, without further notice to the parties.

Dated: May 8, 2023
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge