UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORILTON CAPITAL MANAGEMENT LLC
and WILLIAMS IP HOLDINGS LLC,

                              Plaintiffs,

-against-

STILUS LLC and CLAUDIA SCHWARZ,

                              Defendants.

1:23-cv-03789 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

        On May 8, 2023, the Court found that the Complaint failed to adequately allege diversity of citizenship for purposes of subject matter jurisdiction, and the Court ordered Plaintiffs to file a supplemental submission setting forth a good-faith basis for diversity jurisdiction. ECF No. 8. Plaintiffs filed a supplemental submission on May 12, 2023. ECF Nos. 10-11 ("Supplemental Submission"). As set forth below, Plaintiffs still have not alleged diversity of citizenship, and Plaintiffs' allegations instead suggest that diversity is lacking.

        Plaintiffs allege that Plaintiffs are citizens of Bermuda and the Marshall Islands, and therefore citizens of foreign states, for purposes of diversity. *See* Supplemental Submission. Plaintiffs also allege that Defendants are citizens of a foreign state. Specifically, the Complaint alleges that Defendant Claudia Schwarz ("Schwarz") "is a German citizen . . . and maintains residences in Florida, Bermuda, and Germany." ECF No. 1 ¶ 11. Plaintiffs contend that Schwarz should be considered a citizen of Florida because she allegedly owns a residence and vehicle in Florida. *See* Supplemental Submission. Plaintiffs allege that Defendant Stilus LLC ("Stilus") is a limited liability company, that Schwarz is the only member of Stilus, and that Stilus therefore takes the citizenship of Schwarz. *Id*. In sum, Plaintiffs allege that Plaintiffs are citizens of foreign states (Bermuda and the Marshall Islands), and Defendant Schwarz is a citizen

1

of a foreign state (Germany) who resides in Florida (and possibly Bermuda and Germany) and Defendant Stilus has the same citizenship as Schwarz.  These allegations do not support diversity jurisdiction.

Diverse parties consist of "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall *not* have original jurisdiction . . . of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2) (emphasis added).  This means that, even if a plaintiff is a permanent resident and domiciliary of a State, such as Florida, the plaintiff is considered a citizen of a foreign state for purposes of diversity jurisdiction if the plaintiff is a citizen or subject of a foreign state. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (affirming dismissal for lack of diversity jurisdiction because plaintiff, although a permanent resident and domiciliary of New York, was a citizen of Israel and therefore a citizen of a foreign state under 28 U.S.C. § 1332, and defendant was also a citizen of a foreign state); *accord Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (affirming *sua sponte* dismissal for lack of subject matter jurisdiction and holding that "a foreign citizen who resides in, and is a permanent resident of, the United States is 'an alien for the purposes of diversity jurisdiction'" (quoting *Tagger*, 951 F.3d at 126)).  Here, diversity is lacking because Plaintiffs have alleged that Plaintiffs are citizens of foreign states and Defendants are also citizens of a foreign state.

The Court will allow Plaintiffs one additional opportunity to allege a good-faith basis of diversity jurisdiction by **May 23, 2023**.  Plaintiffs must specifically allege the citizenship of each party for purposes of subject-matter jurisdiction, state the specific subpart of 28 U.S.C. § 1332 under which Plaintiffs contend jurisdiction exists, and cite case law that supports their assertion of diversity jurisdiction based on the facts alleged in this case.  If Plaintiffs are unable to allege a

good-faith basis for complete diversity of citizenship, the action will be dismissed, without further notice to the parties.

In the alternative, Plaintiffs seek leave to take jurisdictional discovery.  *See* Supplemental Submission.  Courts have allowed jurisdictional discovery after "a plaintiff has made a 'threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction . . . .'"  *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, No. 20-cv-00731 (PAE), 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020) (quoting *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013)).  As discussed above, Plaintiffs have not made a threshold showing of facts that would support a basis for jurisdiction.  Accordingly, Plaintiffs' request for jurisdictional discovery is **DENIED** without prejudice to renewal if Plaintiffs allege a good-faith basis of facts that would support diversity jurisdiction consistent with this Order.

Dated: May 15, 2023
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge